Archibald O. Wemple, J.
It appears that the plaintiff corporation, as subcontractor, submitted a proposal to the defendant dated September 24, 1956 offering to do certain blacktop paving work in the construction of the King George Motel, Lake George, New York, for the sum of $5,600. This offer was duly accepted by the defendant and formed the basis of an agreement to pave certain areas as provided therein. The work under this contract was part of a main and separate contract between the defendant, Anthony Servidone, as contractor, and Kalman Backer and Henry Shapiro, as owners, for the complete construction of said motel.
*778 A dispute as to performance- on the main construction contract has arisen and out of it certain causes of action are pending in the Supreme Court of Warren County.
The defendant Servidone, in answer to the plaintiff’s application herein, states that the work to be performed under the paving contract between the plaintiff and defendant herein was to be performed in a manner satisfactory to the owners referred to above. Therefore, he seeks to reform the contract dated September 24, 1956 by incorporating such a provision. Since the commencement of the action herein to which this motion for summary judgment is addressed and, on or about October 15, 1957, the defendant Servidone commenced a third-party action against the owners Kalman Backer and Henry Shapiro asking that they be brought in as third-party defendants in order to hold them liable for any sum that may be recovered by the plaintiff herein against the said Servidone.
It also appears that the subject matter of the action concerning the liability of the owners Backer and Shapiro as to the defendant Servidone for' work and materials under the main contract is already in litigation in Warren County and in the lien foreclosure actions referred to.
The defendant Servidone fails to present to this court any substance to his contention that the work to be performed under the contract dated September 24, 1956 was to be performed to the satisfaction of the said owners. Indeed, said contract speaks for itself, is binding and conclusive on the parties thereto and the parol evidence rule prohibits any variation in its terms. Outside of an unsubstantiated charge of fraud and/or mistake, there is no reason to look further than the contract itself to determine the obligations between the plaintiff and defendant herein.
In a special proceeding in the action of Howard A. La Rose et al., against Kalman Backer, third-party defendant, et al., in the Supreme Court, County of Warren, the defendant Servidone testified that the work performed by the plaintiff herein has been performed to his satisfaction. There is a reference in the answer of Kalman Backer and Henry Shapiro, as third-party defendants herein, to the fact that “ blacktopping work to be done at the motel site was to be acceptable to them ” (owners) and they further allege that the said work had not been performed in a “ good, proper and workmanlike manner.” This reference by the defendant owners was not binding upon the plaintiff herein; nor, indeed, is there anything to identify said reference with the work performed by the plaintiff herein.
*779 For the reasons stated, the motion of the plaintiff to strike out the answer of the defendant Servidone herein and for a summary judgment is hereby granted. The defendant Servidone will have opportunity for his “ day in court ” on his claim over against the owners in the action pending in Warren County.
Submit order accordingly.